ARMSTRONG, Judge,
dissenting.
I agree with the majority opinion that LSA-R.S. 47:1434 establishes a 30 day per-emptive period for filing a petition for review of a board of tax appeals decision in the district court.
I must disagree however with the majority’s assertion that LSA-R.S. 47:1434 et seq. do not establish jurisdictional venue rules for review of a board of tax appeals decision. To interpret those statutes in that manner means' that whenever the state is aggrevied by the board’s decision it can seek review in any district court in the state — no matter where the principal corporate office is located, or the individual taxpayer resides.
Nothing in LSA-R.S. 47:1434 specifies which court is the proper district court for review of a board of tax appeals decision. However, LSA-R.S. 47:1436 specifies the proper district court venue and must be read in conjunction with LSA-R.S. 47:1434 to place some restrictions on where the board may file an appeal. In sum, in my opinion LSA-R.S. 47:1434 et seq. do establish jurisdictional venue rules.
Consequently the board’s failure to file the petition for review within a court of competent jurisdiction and venue or to serve process on LOOP within the 30 day period prescribed by LSA-R.S. 47:1434 extinguished the state’s right to have the board’s decision reviewed by the Orleans Parish Civil District Court. LSA-C.C.Arts. 3458, 3461 and comment (c) thereto, 3462.
I respectfully dissent and would affirm the trial court’s sustainment of the exception of peremption.